UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIANA GONGORA,

                     Plaintiff,

-against-

NYC HEALTH + HOSPITALS CORP.,

                     Defendant.

Case No. 1:23-cv-10093 (JLR)

**ORDER OF SERVICE**

JENNIFER L. ROCHON, United States District Judge:

      Plaintiff Diana Gongora ("Plaintiff"), who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, alleging that Defendant NYC Health + Hospitals Corp. ("Defendant") discriminated against her because of her race and disability. ECF No. 1. The Court also construes Plaintiff's allegations as asserting related state-law claims. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (per curiam) (where a *pro se* plaintiff's factual allegations supported claims under "well-known" provisions of state law, district courts must construe the complaint as asserting claims under those laws, "regardless of [plaintiff's] failure to check the appropriate blank on a form complaint"). By order dated November 21, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. ECF No. 3.

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).[1]

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons as to Defendant NYC Health + Hospitals Corp., complete the USM-285 form with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.

The Clerk of Court is further instructed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   December 5, 2023
         New York, New York

_____
JENNIFER L. ROCHON
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

NYC Health + Hospitals Corp.
50 Water Street, 17th Floor
New York, New York 10004